## APPEAL OF GREENWOOD CEMETERY ASSOCIATION.

Docket No. 3000.    Submitted July 6, 1925.    Decided October 19, 1925.

*Dale D. Drain, Esq.*, for the taxpayer.
*Arthur H. Murray, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This appeal is from the determination of a deficiency in income tax for the year 1918 in the amount of $210.88.

### FINDINGS OF FACT.

In its income-tax return for 1918 the taxpayer reported a net income upon which a tax of $117.80 was assessed. It filed an amended return which showed a net loss for the year of $5,429.33. The Commissioner has audited the amended return and added to the gross income reported $9,280, representing an increase in the principal of the perpetual care fund and has disallowed the deduction from the gross income shown on the amended return of $888.30 for bad debts. The net income as adjusted is $4,738.97 and the income tax due thereon is $328.68. Since there was assessed on the original return $117.80, the deficiency determined by the Commissioner is $210.88.

The taxpayer was incorporated in the year 1888 under the laws of the then Territory, now State, of Washington. On December 1,

1893, the first entry in connection with the perpetual care of graves appears in the taxpayer's books, and in that year the association adopted and published rules and regulations of the cemetery in full, as well as the plans for perpetual care with the charges therefor. The taxpayer has a separate scale of lot prices and quotes to prospective purchasers the lot prices and charge for perpetual care separately; and when sales are made it charges the purchasers with the price of the lot and perpetual care as separate items. According to the agreement with the purchasers of perpetual care, the principal paid in for perpetual care is held as a trust fund, the income from which alone is available for use by the association in caring for lots. Payments for perpetual care are credited to the perpetual care liability account, and the perpetual care plan that was adopted in 1893, as set forth in the taxpayer's published rules, has been since that time, and is now, in effect and governs the handling of said collections. The taxpayer deposits all sums arising from income of every description, whether from the interest or principal of a trust fund, or otherwise, in a general bank account, and in the general operation and maintenance of the association draws upon said account for payment thereof. In the sale of perpetual care the stockholders of the association are benefited to the extent that the corporation uses the income of the perpetual care fund in the care of the cemetery and the payment of upkeep and running expenses in general, but the principal of the perpetual care fund is set up in a "Liability account" and the corporation is liable to the contributors of said fund for the perpetual care of graves as shown by the written agreement made by the corporation and each purchaser of perpetual care. The income from the perpetual care fund has been and is mingled with other income and was accounted for as income by the taxpayer in its 1918 and other income-tax returns.

### DECISION.

The deficiency determined by the Commissioner is disallowed. *Appeal of the Los Angeles Cemetery Association*, 2 B. T. A. 495.